# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| TIM FREDRICKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:20-cv-01110-MHH-SGC |
| | ) |
| ATTORNEY GENERAL (USA), | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION**

Plaintiff Tim Fredrickson, a prisoner in the Mercer County Jail in Aledo, Illinois, filed this action pursuant to 42 U.S.C. § 1983. (Doc. 1). The magistrate judge entered a report in which she recommended that the Court dismiss this case pursuant to 28 U.S.C. § 1915(g) because Mr. Fredrickson did not pay the filing fee when he filed his complaint, and he falls within the "three strikes rule" of that statute. (Doc. 4). Mr. Fredrickson has objected to that recommendation. (Doc. 5). He challenges the constitutionality of the three-strike provision and asserts that one of his prior lawsuits should not count as a strike.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district judge must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to

which objection is made." 28 U.S.C. § 636(b)(1); *see also* FED. R. CRIM. P. 59(b)(3) ("The district judge must consider *de novo* any objection to the magistrate judge's recommendation."). A district court's obligation to "'make a de novo *determination* of those portions of the report or specified proposed findings or recommendations to which objection is made,'" 447 U.S. at 673 (quoting 28 U.S.C. § 636(b)(1)), requires a district judge to "'give *fresh consideration* to those issues to which specific objection has been made by a party,'" 447 U.S. at 675 (quoting House Report No. 94-1609, p. 3 (1976)). *United States v. Raddatz*, 447 U.S. 667 (1980) (emphasis in *Raddatz*).

Taking Mr. Fredrickson's arguments in reverse order, the Court is not persuaded that it should not count one of his prior lawsuits, *Fredrickson v. Attorney General*, Case no. 2:19-cv-04889-BMS, under the three-strike rule. In *Fredrickson v. Attorney General*, Case no. 2:19-cv-04889-BMS (E.D. Pa. Jan. 31, 2020), the district court held: "the Court will … dismiss [the plaintiff's] Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim." (*See* Case no. 2:19-cv-04889-BMS, Doc. 8). In response to the plaintiff's motion to reconsider, the Pennsylvania district court noted "[b]y Memorandum and Order dated January 31, 2020, the Court dismissed Fredrickson's Complaint with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)." (*Id.* at Doc. 12). Under 28 U.S.C. § 1915(g), a dismissal for failure to state a claim counts as a

strike. Therefore, the Court overrules Mr. Fredrickson's argument concerning his Pennsylvania lawsuit.

The Court also is not persuaded by Mr. Fredrickson's argument that 28 U.S.C. § 1915(g)'s three-strike rule is unconstitutional. Mr. Fredrickson contends that 28 U.S.C. § 1915(g) is neither narrowly tailored nor focused on a "compelling government interest." (Doc. 5, p. 2). He suggests several options that courts may exercise to avoid frivolous filings without requiring full payment of filing fees at the time of filing the complaint. (Doc. 5, pp. 3-5).

Mr. Fredrickson's arguments are not new, and those arguments have failed in the Eleventh Circuit Court of Appeals. In *Rivera v. Allen*, the Eleventh Circuit held:

> "[T]he right of access to federal courts is not a free-floating right, but rather is subject to Congress's Article III power to set limits on federal legislation." *Roller v. Gunn*, 107 F.3d 227, 231 (4th Cir.), *cert. denied*, 522 U.S. 874 (1997). Although it had the power to do so, Congress did not repeal any particular cause-of-action available to prisoners. Rather, "[s]ection 1915(g) does not prevent a prisoner with three strikes from filing civil actions; it merely prohibits him from enjoying IFP status." *Carson v. Johnson*, 112 F.3d 818, 821 (5th Cir. 1997); *see also Lyon v. Krol*, 127 F.3d 763, 765 (8th Cir. 1997) ("Section 1915(g) does not prohibit prisoners from pursuing legal claims if they have had 'three strikes' or three prior dismissals. It only limits their ability to proceed [IFP]."). Through the PLRA, Congress changed only the rules regarding IFP status. To be sure, proceeding IFP in a civil case is a privilege, not a right – fundamental or otherwise. *See Adepegba v. Hammons*, 103 F.3d 384, 386 (5th Cir. 1996). As such, imposition of a modest filing fee on prisoners with "three strikes" is reasonable because "Congress is no more compelled to guarantee free access to federal courts than it is to provide unlimited access to them." *Roller*, 107 F.3d at 231.

144 F.3d 719, 723-24 (11th Cir. 1998), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199, 215 (2007).

More recently, in *Wright v. Sprayberry*, the Eleventh Circuit held: "Wright's assertions regarding the constitutionality of § 1915(g) are foreclosed by precedent, as this Court has previously held that § 1915(g) does not violate a prisoner's right of access to the courts or due process rights." 2020 WL 2845567, *3 (11th Cir. June 2, 2020); *see also Daker v. Jackson,* 942 F.3d 1252, 1257 (11th Cir. 2019) (holding the right to proceed *in forma pauperis* in a civil case "is a privilege, not a right – fundamental or otherwise" and that "§ 1915(g) does not burden a fundamental right"); *Daker v. Robinson*, 802 Fed. Appx. 513 (11th Cir. Feb. 19, 2020) (holding prior precedent foreclosed the plaintiff's equal protection concerns and that "[b]ecause there is no First Amendment right to access the courts for free, it follows that there is also no First Amendment right to speak in the courts for free").

Because the Eleventh Circuit Court of Appeals already has considered and rejected the arguments Mr. Fredrickson presents regarding the constitutionality of 28 U.S.C. § 1915(g), the Court may not revisit those arguments here. The Court overrules Mr. Frederickson's constitutional challenge to 28 U.S.C. § 1915(g).

As to the exception to the three-strikes rule for claims concerning "imminent danger of serious physical injury," the Court has reviewed Mr. Fredrickson's

4

complaint and is satisfied that he has not alleged facts demonstrating that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Therefore, having reviewed and considered *de novo* the materials in the court record, the Court adopts the magistrate judge's report and accepts her recommendation. The Court denies Mr. Fredrickson's motion to proceed *in forma pauperis* (Doc. 3). Because Mr. Fredrickson did not pay the filing and administrative fees of $400.00 when he filed this complaint, by separate order, the Court will dismiss this action without prejudice pursuant to 28 U.S.C. § 1915(g). Mr. Fredrickson may file a new civil rights action by completing and filing a new civil rights complaint form and paying the filing and administrative fees totaling $400.00.

**DONE** and **ORDERED** this September 11, 2020.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE